IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONROE MERRITT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1681 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Caiazza |
| ALAN B. FOGEL, et al., | ) | In re: Docs. 33, 36, 39, 44, |
| | ) | 57 and 66 |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motions to Dismiss (Docs. 33 and 36) be granted, and that the Plaintiff's Motions to Amend the Complaint (Docs. 39, 44 and 57) be denied. The Plaintiff's Motion to Expedite Review (Doc. 66) should be denied as moot because of this Report.

### II. REPORT

The Plaintiff, Monroe Merritt ("Merritt" or "the Plaintiff"), is an inmate confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania ("SCI-Greene"). Merritt alleges in his Complaint that he has been denied appropriate treatment for Hepatitis-C while incarcerated. His allegations span the time period from July 20, 1998, when he first requested "combination therapy," through complaints he made during July and August, 2007 (Doc. 1, ¶30). All named Defendants

have moved to dismiss the Complaint, and the Plaintiff has filed three separate Motions seeking to amend his Complaint. All Motions are now ripe for disposition.

A. **Applicable Standard of Review.**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); *i.e.,* "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Merritt's claims filed pursuant to 42 U.S.C. §1983 are premised upon the Eighth Amendment of the United States Constitution, which protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection guarantees incarcerated persons humane conditions of confinement.

Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to a serious medical need. Id.

The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." Here, Merritt alleges that he has been diagnosed with Hepatitis-C, which is clearly a serious medical condition.

Even where there is a serious medical condition, a prisoner must also allege facts which would permit a jury to conclude that the defendant prison officials *subjectively* acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). The Supreme Court has stated that "in the medical context, an inadvertent failure to provide medical care" does not rise to the level of deliberate indifference. Gamble, 429 U.S. at 105-106. And while an intentional refusal to provide *any* medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable, the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice. Young v.

Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

B. **The Complaint**.

Merritt alleges that he was diagnosed with Hepatitis-C in 1993. He further alleges that he first sought "combination treatment" -treatment with the drugs Interferon and Ribavirin- in 1998, but that treatment was refused then, and that he has been refused such treatment repeatedly (Doc. 1, ¶¶1-7).

Merritt alleges that he again requested treatment, but was told in 2001 that his "WBC" was "too low" to be considered for combination treatment (Id., ¶15). In August, 2003, the Plaintiff was examined by Dr. Harper, and psychological testing was performed as a prerequisite to treatment (Id., ¶16). Dr. Khan, a psychiatrist, is alleged to have "approved" treatment on August 26, 2003 (Id., ¶17). In August, 2004, Merritt again requested treatment ((Id., ¶19). In July, 2005, a liver biopsy was performed (Id., ¶20). On January 30, 2007, Merritt filed an inmate grievance requesting to be examined by a liver specialist (Id., ¶22). Subsequently, Merritt was seen by Dr. Jin, who informed him that he "will not get treatment" (Id., ¶¶ 23-24). The Plaintiff states that he was provided drugs for treatment of a tooth problem in 2005 that caused his liver function to deteriorate. Dr. Jin informed Merritt that the drugs had no

effect on his liver condition (Id., ¶24).

On March 2, 2007, Merritt was examined by Physician's Assistant Howard-Diggs. Tests revealed that his WBC, platelet and neutrophil counts were falling. Dr. Jin examined Merritt on March 20, 2007 and "denied treatment" (Id., Id., ¶¶25=26). Similar events were repeated in July, 2007, when Dr. Jin examined Merritt after he complained that his blood tests revealed a deteriorating condition. On July 30, 2007, Defendant Howard-Diggs informed the Plaintiff he has not been eligible for treatment for two and one-half years due to his age (Id., ¶30).

Attached to the Complaint are three grievances filed by Merritt in 2007 with respect to his medical condition, as well as the responses to the grievances, along with certain appeal documents. A review of those exhibits reveals responses to the Plaintiff's complaints with respect to his medical treatment from several sources. On February 8, 2007, John McAnany, a Registered Nurse, wrote:

> In your grievance you claim that on 1/30/07 you met with Dr. Falor regarding your liver condition. You claim that all of your "liver function numbers" are high. You claim that you have all of the "biomedical indicators" for Hepatitis C and claim that you have been denied treatment "several times." You claim that the medical department is treating your condition with "deliberate indifference, gross negligence and medical malpractice". You requested to be treated with Ribavirin and/or PEG Interferion and you want to see a "Specialist."
> 1) A liver biopsy was conducted on 7/19/05. The results of this test indicated that you are not a candidate for Hepatitis C treatment including treatment with Ribavirin and/or PEG

>           Interferion.
>      2)  The Medical Department follows the Bureau of
>          Healthcare Standards when treating Hepatitis
>          C inmates. Due to your condition you can
>          only be treated in a Hepatitis C clinic and
>          treated as necessary.
>      3)  This RNS cannot authorize a follow up with a
>          "Specialist" as the Medical Director is
>          capable of following Bureau of Healthcare
>          standards.

(Doc. 1, p. 17). On March 12, 2007, on appeal from the denial of Merritt's grievance, Sharon Burks, Chief Grievance Officer, wrote:

> Your concerns regarding your medical conditions were
> referred to the Bureau of Health Care Services for
> their review. The Bureau determined that the liver
> biopsy performed demonstrated a grade 1 inflammation
> and no fibrosis. The current findings/conditions do
> not warrant a further biopsy according to PA Department
> of Corrections Protocol. The Bureau has recommended
> that you continue to regularly attend the Hep C clinic
> at SCI-Greene.

(Id., p. 22).

Merritt then filed a second grievance, which was denied on May 10, 2007. In a response to the second grievance, Mary Reese told Merritt that he had been informed in August, 2005 and again in July 2006 that he was not a candidate for Hepatitis C treatment due to the results of a liver biopsy (Id., p. 24). Superintendent Folino informed Merritt on May 24, 2007, on appeal from the denial of his grievance, that "you were told you were not eligible for Hepatitis C treatment; therefore you thought you were denied treatment, when in fact you do not meet the protocol for treatment." (Id., p. 27).

Merritt filed a third grievance which was reviewed by Mary Reese who, on September 6, 2007, informed the Plaintiff:

> You are requesting to be seen by a "liver specialist" for treatment of the medical problems listed in your grievance. I discussed your case in detail with the clinicians. At this time, you are asymptomatic. You are being monitored by lab work. From the time of your lab work in July 2007 to present, there was an improvement in your lab results. You will continue to be monitored. . . . If the need arises the medical director will refer you [to a specialist].

(Id., p. 32).

C. **Analysis.**

With the relevant law as a backdrop -and accepting as true the facts set out in his Complaint- the court finds that Merritt has only alleged that he disagreed with the treatment provided to him, and, at most, the Defendants, who are medical providers, may have been negligent in refusing to provide him with any further treatment. That said, it is clear from a reading of the Complaint, which is made in large measure by reference to the attached exhibits, that Merritt is insisting upon a particular type of treatment, even though he has been repeatedly examined, tested and monitored by prison medical personnel who have determined that additional treatment was not appropriate. Consequently, although he alleges having been denied treatment, his submissions clearly reveal that he has been diagnosed, tested and treated for his condition. He has not, however, been provided with the treatment of *his* choice. A request for treatment other than that provided is not sufficient to state a claim for

deliberate indifference. <u>Young v. Quinlan</u>, 960 F.2d 351, 358 n.18 (3d Cir. 1992)(an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); <u>White v. Napoleon</u>, 897 F.2d 103, 110 (3d Cir. 1990). Going one step further, even if the Court were to determine that the Defendants were deficient in their diagnosis and treatment, all Courts of Appeals agree that allegations of professional negligence do not state a constitutional claim. <u>Gamble</u>, 429 U.S. 106, n.14.

Here, the Plaintiff has failed to make "[f]actual allegations" sufficient "to raise a right above the speculative level." <u>Twombly</u>, 127 S. Ct. at 1965. Instead, the allegations in his Complaint make it clear that he has been repeatedly tested and monitored for his condition, and that the prison doctors have exercised medical judgment in deciding not to provide him with the "combination treatment" Merrit has repeatedly requested. The Defendants are entitled to dismissal of the claims alleged against them.

Merritt also asserts that the medical Defendants' actions rise to the level of medical malpractice under Pennsylvania law. The Defendants seek to have Merritt's state law claim for medical malpractice dismissed because he failed to file a certificate of merit as required by Pennsylvania state law. Dismissal here is appropriate. See <u>Rodriguez v. Smith</u>, 2005 WL 1484591 (E. D. Pa.2005)(agreeing with other district courts "that [Pennsylvania

Rule of Civil Procedure 1042.3] should be applied by federal courts as controlling substantive law under Erie R.R. v. Tompkins, 304 U.S. 64 . . . (1938), and its progeny" dismissing pro se prisoners medical malpractice claim for failure to submit the required certificate).

D. **Motions to Amend**.

Merritt has filed three Motions seeking to amend his Complaint. The Court has reviewed the Motions, and acknowledges that while additional defendants are proposed, the nature of the underlying claim has not changed, i.e., the Plaintiff only alleges that he has been denied his choice of treatment. An amendment would, therefore, be futile because allegations that amount to no more than a disagreement with the medical treatment being provided are not sufficient to state a claim for deliberate indifference. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983)(leave to amend may be denied where amendment would be futile.).

### III. CONCLUSION

On the basis of this Report, it is respectfully recommended that the Defendants' Motions to Dismiss (Docs. 33 and 36) be granted, and that the Plaintiff's Motions to Amend the Complaint (Docs. 39, 44 and 57) be denied. The Plaintiff's Motion to Expedite Review (Doc. 66) should be denied as moot.[1]

---

[1] The Plaintiff seeks in his Motion to have the pending Motions to Amend ruled upon. This Report makes his request moot.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by July 28, 2008.

July 10, 2008

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

cc:
MONROE MERRITT
AY4389
SCI Greene
175 Progress Drive
Waynesburg, PA 15370