IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MONROE MERRITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-1681 |
| | ) | Judge Cercone |
| | ) | Magistrate Judge Bissoon |
| ALAN B. FOGEL, *et al.*, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Defendants' Motions to Dismiss (Docs. 84 and 88) be granted in part and denied in part.

**II. REPORT**

Plaintiff, Monroe Merritt, is an inmate confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania ("SCI-Greene"). Merritt alleges that he has been denied appropriate treatment for Hepatitis-C while incarcerated. His allegations span the time period from July 20, 1998, when he first requested "combination therapy," through complaints he made during July and August, 2007. Defendants' earlier motions to dismiss were granted (Doc. 70)[1], but the Court of Appeals reversed and remanded, specifically finding that Plaintiff had alleged a facially plausible claim that he was denied necessary medical treatment for non-medical reasons (Doc. 79-1, p. 8). Plaintiff filed an Amended Complaint (Doc. 82) and Defendants have again moved to dismiss (Docs. 84 and 88). Plaintiff has responded to the Defendants' motions (Doc. 97) and those motions are ripe.

---
[1] The undersigned's predecessor issued the Report and Recommendation on the earlier motion.

1

A.     **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

B.     **Analysis.**

1.     **Failure to exhaust administrative remedies.**

No Section 1983 action may be commenced by a prisoner "until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e(a).  An inmate is required to "avail[ ] himself of every process at every turn" in the applicable prison administrative process. Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004).  "[I]t is beyond the power of this court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  There are three steps in the Pennsylvania grievance process:  (1) Initial Review pursuant to DC-ADM-804 Part VI.B of the

inmate's filed grievance; (2) the first appeal from the Initial Review, or Appeal to Facility Manager pursuant to DC-ADM-804 Part VI.C; and (3) a final appeal, the Appeal to the Secretary's Office of Inmate Grievances and Appeals pursuant to DC-ADM-804 Part VI.D. Spruill, 372 F.3d at 232. An inmate's failure to comply with the procedural requirements of the prison's grievance system will result in a procedural default of the issue and will effectively bar the inmate from bringing his claim in federal court. Id. at 231. While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis, 204 F.3d at 77-78.

Defendants Diggs, Thorpe, Talabi, Harper, Prison Health Services, Inc., and America Service Group, Inc. assert that they were not named in Plaintiff's grievance proceedings and, accordingly, that Plaintiff failed to exhaust administrative remedies as to them. Plaintiff has attached to his Complaint three grievances he filed in 2007. While the above Defendants were not specifically named in those grievances, Defendants Diggs and Talabi were mentioned in the response to Grievance No. 186207 for the express purpose of justifying the decision to deny Plaintiff the requested treatment (Doc . 1, p. 24). Thus, prison authorities were clearly on notice that Plaintiff was challenging actions taken by Defendants Diggs and Talabi. Further, the Court does not believe it necessary for Plaintiff to name in his grievance the corporations that employ medical personnel who are alleged to have denied medical treatment so long as the institution is fairly put on notice, as it was here, that the actions of the employees of the corporations are at issue.

As for Defendans Thorpe (a Physician's Assistant) and Harper (a physician), these Defendants were not named in Plaintiff's grievances or the responses thereto. However, Plaintiff argues that he complied with the exhaustion requirement by putting the Department of

Corrections on notice of the problem he was facing; i.e., a repeated refusal by numerous medical personnel over a period of several years to provide appropriate treatment.

In Jones v. Bock, 549 U.S. 199, 217 (2007), the Supreme Court held that exhaustion is not *per se* inadequate simply because an individual later sued is not named in a prison grievance. The Court made clear in Jones, however, that the necessity of naming an individual defendant in a grievance will be governed by the requirements of the applicable prison grievance procedure. Id., 549 U.S. at 217-18. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Id.

In Spruill, the Court of Appeals for the Third Circuit examined the procedural requirements of the grievance system employed by the Pennsylvania Department of Corrections ("DOC") with respect to the naming of future defendants not named in an inmate grievance. The Spruill Court held that, to the extent the identity of a particular defendant is a "fact relevant to the claim," the DOC's grievance policy requires that the individual's identification be included in the inmate's statement of the facts on the grievance form. Id., at 234. "The purpose of the regulation here is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." Spruill, 372 F.3d at 234. However, the Supreme Court later held in Jones that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Jones, 127 S.Ct. at 923, quoting Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004). Therefore, the question in this case is whether Plaintiff's grievances alerted prison officials to the underlying problem, i.e., the failure

to provide Plaintiff with necessary medications, and that personnel other than those actually named might have had some hand in the alleged constitutional deprivation.

It is instructive in this case to review the factual situation in Johnson v. Townsend, 314 Fed.Appx. 436 (3d Cir. 2008), where the issue involved a prisoner's claims concerning allegedly retaliatory conduct by a specific corrections officer, and the failure of supervisory personnel to act on the prisoner's complaints. In Johnson, the Court of Appeals found that "[t]he initial grievance may have alerted officials to a potential problem regarding Johnson's work schedule and compensation claim and the ensuing appeals of his disagreement with the grievance officers' review, **but it did not alert them to the specific acts of unconstitutional conduct they allegedly committed**." Id., at 442-43 (emphasis added). Therefore, the court found it was "not at all clear" that the supervisory personnel "were 'fairly within the compass'" of Johnson's grievance. 314 Fed.Appx. at 442-443.

Here, however, Plaintiff complained in his grievances that he should have been provided treatment for his medical condition, and that DOC protocol required that he be given a specific treatment that he repeatedly was denied. Plaintiff put at issue in his grievances filed with the Department of Corrections the entire history of his treatment (or lack of treatment) for Hepatitis C. The officials responding to the grievances clearly reviewed Plaintiff's medical files and, in their responses, listed the reasons given by various medical personnel for not providing the treatment Plaintiff requested. Thus, while the prisoner in Johnson did not make clear his dispute with persons not named in the grievance, Plaintiff's grievance is broader in scope than a single act or omission by a single actor. Therefore, the Court finds that Plaintiff substantially complied with the DOC procedure by fairly placing prison authorities on notice that he believed he had repeatedly been denied treatment over the course of several years for his medical

5

condition, and that this fairly encompasses all named Defendants for purposes of the exhaustion requirement.

### 2. Deliberate Indifference.

Defendants argue that Plaintiff has, for various reasons, not set forth a facially plausible claim of deliberate indifference to his serious medical needs. The Court of Appeals, however, has foreclosed this issue by finding the Plaintiff should have been permitted to amend his Complaint, and that his allegations state a claim under the Eighth Amendment.

### 3. Supervisory liability.

Several of the moving Defendants assert that Plaintiff has failed to allege their personal involvement in any constitutional violation, and that Plaintiff has failed to allege facts sufficient to hold them liable as supervisors. Supervisory liability may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 n.3 (3d Cir. 1995).

Plaintiff alleges in his Amended Complaint that he made all supervisory personnel aware of the failure to provide him treatment even when he met the applicable DOC protocol, and this constitutes "actual knowledge of and acquiescence in" the repeated decision to deny him treatment by medical personnel. This allegation is sufficient at the pleading stage to state a

facially plausible claim for supervisory liability, and the motions to dismiss should be denied in this respect.

    **4.**    **Statute of limitations.**

Defendants seek to dismiss several of Plaintiff's claims on the basis that they are barred by the applicable statute of limitations. The limitations period for actions brought under Section 1983 is determined by state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). Pennsylvania applies a two-year statute of limitations to civil rights actions brought pursuant Section 1983. 42 Pa. Cons. Stat. § 5524; Epps v. City of Pittsburgh, 33 F.Supp.2d 409 (W.D. Pa. 1998). This lawsuit was commenced on December 12, 2007. Plaintiff makes several claims based upon acts that occurred prior to December 12, 2005, and Defendants seek to dismiss all such claims.

Although it is apparent that several of Plaintiff's claims are based upon factual predicates that occurred more than two years prior to the date the Complaint was filed, Plaintiff argues that he should be entitled to equitable tolling. More specifically, Plaintiff alleges that he did not become aware that he met the Department of Corrections' own protocol for receiving the medical treatment at various times between 1998 and 2001 until he was provided with that protocol in April, 2007. Further, Plaintiff alleges that Defendants withheld from him, until after this lawsuit was filed, a 1996 letter wherein a doctor identifies Plaintiff as a "good candidate" for the desired treatment. I.e., Plaintiff alleges that he was not aware that he was being denied treatment that had been prescribed for him.

A federal court relying upon a state statute of limitations must also apply the state's tolling principles. Weis-Buy Servs. v. Paglia, 411 F.3d 415, 422 (3d Cir. 2005). Pennsylvania law provides that fraudulent concealment "tolls the statute of limitations where . . . the defendant causes the plaintiff to relax his vigilance" in a way that prevents the plaintiff from discovering

the facts underlying his claim. Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991). In this respect, there must be an affirmative attempt to mislead the plaintiff in a manner that prevents discovery of the injury. Id., at 925. Where concealment occurs, the limitations period is tolled until the plaintiff actually discovers or "using reasonable diligence should have" discovered his claim. Id. at 925-26.

Plaintiff has alleged facts that make out a facially plausible case for equitable tolling. The motions to dismiss should be denied without prejudice with respect to Defendants' statute of limitations defense.

### 5. Eleventh Amendment Immunity.

The Department of Corrections Bureau of Health Services seeks dismissal on the basis that it is an agency of the Commonwealth of Pennsylvania and, accordingly, is protected by Eleventh Amendment immunity. Indeed, a lawsuit against the Commonwealth of Pennsylvania would be barred by the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 340-341 (1979). That same immunity applies to a "subordinate agency" like the Bureau of Health Services and dismissal is appropriate under this theory. See, Dennison v. Pennsylvania Department of Corrections, 268 F.Supp.2d 387, 398 (M.D. Pa. 2003).

### 6. Physical Injury.

Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") prohibits compensatory damages for mental or emotional injury absent allegations of physical injury. 42 U.S.C. § 997e(e); Mitchell v. Horn, 318 F.3d 523, 534 (3d Cir.2003). Plaintiff has alleged damage to his liver due to the alleged failure to provide him appropriate treatment, and that the decrease in liver function is evidenced by medical testing. This is a facially plausible claim of physical injury sufficient to withstand a motion to dismiss.

### 7. State Law Medical Negligence.

Defendants Falor, Jin, Harper, Talabi and Diggs seek summary judgment with respect to any state law claim of professional negligence pled against them because Plaintiff failed to file a certificate of merit as required under Pennsylvania law. Pennsylvania law requires that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" a certificate of merit must be filed within sixty days after the complaint is filed. Pa. R.C.P., Rule 1042.3; Rodriguez v. Smith, 2005 WL 1484591 (E. D.Pa., June 21, 2005) (agreeing with other district courts "that [Pennsylvania Rule of Civil Procedure 1042.3] should be applied by federal courts as controlling substantive law under Erie R.R. v. Tompkins, 304 U.S. 64 . . . (1938), and its progeny," dismissing a *pro se* prisoner's medical malpractice claim for failure to submit the required certificate). Plaintiff has not filed the required certificate, and his state law claims for professional negligence must be dismissed.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motions to Dismiss (Docs. 84 and 88) be granted in part and denied in part as set forth more fully above.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by August 6, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Date: July 23, 2010

**Cc:**
**MONROE MERRITT**
AY4389
SCI Smithfield
PO Box 999
1120 Pike Street
Huntingdon, PA 16652